## JACOB KNOBLOCH v. CHARLES HOLLINGER ET AL.

RIGHT TO ERECT A GATE ACROSS.

A way for agricultural purposes, created by adverse use, may be subjected to a light swinging gate, reasonably established for the convenience of the owner of the servient estate.

APPEAL from the court of common pleas of Stark county.

JENNER, J.

This case was heard on the issue made up by the amended petition, the answer and reply.

Plaintiff avers, in his amended petition, that on the 16th day of March, 1867, he owned the real estate described in his amended petition, a farm situate in Stark county.

He avers that the defendants are the owners of a certain tract of land, 104 acres, more or less; that for more than seventy-five years last past there has been a lane and right of way leading from the northwest part of the first described tract, belonging to himself, across the lands of the defendants to a township road; that this lane has been used by him and those under whom he claims, for the passage of vehicles, horses and cattle for said period of seventy-five years; that it was about twenty-five feet wide, and fenced on both sides. He avers that he has an easement appurtenant to his said premises, through said lane open and unobstructed by gate or bars, for himself, his family and those going to and from said farm. He further avers that the defendants have obstructed this way by the construction of a gate thereon in July, 1893; that it was a heavy, almost immovable gate; that it interfered with his rights, and he removed it; that it was erected and taken away two or three different times, and that defendants threaten to again erect it, and he asks that they be enjoined from interfering with this way, appurtenant, as he claims, to his said real estate.

The answer admits the ownership of the land as averred in the amended petition and denies that defendant has a way appurtenant over the lands of the defendant; admits that he has passed over and along that land, and avers that it has been by permission, or license only. That substantially makes up the issue. The facts are brief. They tend to show that there has been a lane at the place named for a period of sixty or seventy-five years, and that Knobloch and his family, and former owners, used this lane for vehicles, wagons, horses, etc., in passing to and from said farm, used for agricultural purposes; that they used it without any objection during all this time, and for a large part of the time it seems to have been their only way out to this highway; but for ten or fifteen years Knobloch has owned land out to the highway.

The evidence shows that near the northwest corner of the defendant's barn, years ago, there was a gate erected across this lane.

But, as to how long such gate was maintained there, or whether it was ever closed, there is an absence of proof.

In 1893 the owner of this farm and lane erected a gate, which, it is said, was almost immovable. It was torn down two or three times. After a hearing below, the parties defendants were enjoined from erecting a gate across that lane.

On application made to members of this court at Millersburgh, and upon the showing then made, we permitted the defendant to erect a light swinging gate at the mouth of the lane, near the road, until the questions could be heard and determined.

It is claimed that plaintiff has acquired an easement appurtenant to his farm, by long user; and that it must be an open way; that the owner of the ser-

vient estate over which it passes has no right to erect a gate of any kind on any part of the lane. That is one of the questions in the case; and many authorities have been cited bearing on this question.

It is said that where a right of way of the kind in question is obtained by grant, and nothing is said about gates in the grant, that gates may be erected, of a kind that will not seriously interfere with the enjoyment of the way.

But it is contended by counsel for plaintiff, that where the way is acquired by adverse usage, by prescription, that there are no authorities that authorize the erection of a gate; and we are willing to concede, after a careful examination of the authorities, that the current of authority is as claimed by counsel; and yet it is apparent how inequitable, how unjust that may sometimes be. It is said in the books that a prescriptive right presumes a grant; that a deed once existed, though now lost. In the language of Lord MANSFIELD: "Not that the court really thinks a grant has been made;" but they presume the fact for the purpose of quieting the title.

It is said that any time when the grant exists, if there had been a deed, the erection of a gate is not inconsistent with the grant. But it is said, after it runs along for a number of years, as in this case, where there is no question but that the owners of the fee permitted these parties owning the Knobloch land to pass through this land year after year for their own purposes without objection, for the benefit of their farm, the rule is different, and a gate for the benefit and convenience of the owner of the fee will not be permitted.

Now, it runs along for twenty-one years, and then all at once the owner of the Knobloch land says, "You cannot put up a gate in your lane;" "Why can I not put a gate in my lane to keep my cattle in, and my horses from roaming at large?" "Because," replies the plaintiff, "I have a prescriptive right here; the law presumes I had a grant for this way, and you must not interfere with the open way."

Of the many authorities, I will refer to only two late cases. *Shivers* v. *Shivers*, 32 N. J. Eq., 575, seems to sustain the contention of the plaintiff. Two brothers had a controversy about a lane through which one had a right of way, and the other erected a gate, and an action was brought to have it removed. This is the syllabus: "A right of way acquired by prescription is commensurate with and measured by the use, and the owner of the land has no right to do anything which will hinder or obstruct such use.

"An owner of the land erected a gate in a lane that had been used without such gate for more than twenty years. *Held:* That equity would relieve and protect the owner of the easement in his use of the land unobstructed by such gate." Now, that sustains the contention of the plaintiff. The chancellor says in his opinion, on page 580: "The gate is manifestly, from the evidence, a nuisance. It is at the top of a hill which descends to the turnpike, and it is especially annoying to be compelled to stop with a loaded wagon to open it in going up; and in such case, it causes a special strain on the horses to start the wagon again."

The other case cited by counsel on behalf of defendants is the case of *Ames* v. *Shaw*, 82 Maine, 379. I take these cases because they represent the views of these respective parties; and a large number of cases can be cited to sustain the New Jersey Equity case, and it is a court that stands very high.

In the *Ames case* the way was for agricultural purposes. This Hollinger lane is used by plaintiff for agricultural purposes; and it might be assumed that he or his family would pass through there, for the purposes of their farm, two or three times a week, or perhaps two or three times a day.

The syllabus reads: "A way for agricultural purposes, whether created by grant or adverse use, may properly be subjected to gates and bars not unreasonably established.

"The nature of the easement gained determines its character, and not the particular manner of the use that created the right."

It will be noted the court say it makes no difference whether it is by grant or by adverse usage.

This Maine case is a late case; the following are the facts: The plaintiff was seized and possessed of a certain farm, adjoining the highway and also the land of the defendant, across which said farm the defendant then and there had the right to pass and repass with carts and teams from said highway to defendant's land, doing as little damage as possible. The plaintiff set and provided a convenient and suitable gateway and gate, through which said gateway the defendant could pass and repass as aforesaid, which said fence and gate were necessary to enable the plaintiff to enjoy and use his said farm for the purposes aforesaid.

HASKELL, J., announcing the opinion, says: "The motion is grounded upon evidence tending to establish a way by adverse use, distinct and separate from the one described in the Raynes deed that was supposed at the trial to be the way in dispute. It is true that a way gained by adverse use gives rights commensurate with the adverse use, but if the use be for agricultural purposes only, then the way becomes a way for that use, a use to be exercised in a reasonable manner; and reasonable use of a way for agricultural purposes may properly be subjected to gates and bars not unreasonably established."

We can see how disadvantageous it may be to this farmer to be obliged to be without a gate at the end of his lane; if he were to maintain a light swinging gate at the road, it might save a great deal of labor and inconvenience. The inconvenience resulting to the other landowner is very small; once a week or twice a week, once a day or twice a day, it may be necessary to go through this lane that he has been permitted to use till he has acquired this right; and because of that fact the defendant must not maintain the gate. It is a hard rule if that is to be the law. The facts of each case should determine the law of that case, and must rest in reason. There is no reason in the distinction sought to be made between a way for agricultural purposes, whether obtained by deed or prescription, the rights of the parties will be protected if the defendant is permitted to maintain a reasonable light swinging gate on this lane, near where it enters the public road.

And we are willing to hold that to be the law between two farmers, situated as these are. We do not think we will suggest anything more than it must be a reasonable light swinging gate; and that Knobloch and whoever occupies that land may be required to close it when they have occasion to use the way.

A decree will be entered finding that the plaintiff has a way by prescription for agricultural purposes through that lane, and that defendant may maintain a gate as indicated.

*Pease, Baldwin & Young*, for Plaintiff.

*D. F. Reinoehl* and *Willison & Day*, for Defendant.